IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MEMPHIS SHELBY COUNTY SCHOOLS,**

    Plaintiff**.**

v.                                                          No.:  2:25-cv-02406-TLP-atc

**K.B., by and through his Parent, K.B.,**

    Defendant.

---

**REPLY TO PLAINTIFF'S REPSONSE TO DEFENDANT'S MOTION TO DISMISS**

---

Defendant K.B., by and through his parent K.B., (also referred to herein as the "Bardwell family" and/or the "Bardwells") by and through undersigned counsel, submit this Reply to Plaintiff's Response to Defendant's Motion to Dismiss. For the reasons set out in the Motion and below, Plaintiff Memphis Shelby County Schools ("Plaintiff" or the "District") failed to timely file its Complaint, and this Court should grant Defendant's Motion to Dismiss with prejudice.

**I.**     **The January 6, 2025 Order was the "final order" from which to seek relief under the IDEA.**

The Tennessee Administrative Law Judge's ("ALJ") January 6, 2025 Final Order is the relevant order from which to calculate Plaintiff's deadline to file an action in federal district court challenging that order pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*., ("IDEA"), and Tennessee law, TENN. CODE ANN. § 4-5-322(b)(1). Because federal and state law provide only two avenues for relief when "aggrieved by the final determination of a hearing officer" in a special education case in Tennessee –neither of which is a petition for reconsideration – the ALJ should not have considered either the District's January 13, 2025

1

petition to stay or its January 21, 2025 petition for reconsideration. *See* 20 U.S.C.S. § 1415(i) and TENN. CODE ANN. § 4-5-322.

    **II.**    **In Tennessee, all parties have 60 days to challenge a final order following a special education due process hearing.**

Despite MSCS's lengthy arguments to the contrary, Tennessee law stipulates that parties bringing federal actions challenging IDEA due process decisions must do so within 60 days of the final order. TENN. CODE ANN. § 4-5-322(b)(1)(A)(iv) ("Petitions seeking judicial review shall be filed within sixty (60) days after the entry of the agency's final order thereon."). Simply because Tennessee law also provides alternate state forum options does not make the limitations period unclear or less than "explicit."

While the Sixth Circuit has not yet directly addressed this issue[1], the Second Circuit has rejected an argument similar to that advanced by the District here. *See P.M.B. v. Ridgefield Bd. of Educ.*, 944 F.3d 473 (2d Cir. 2019). In *P.M.B.*, the plaintiff parents – like the District here – argued that Connecticut's 45-day time limit only applied to appeals filed in state court and that "even if a state limitations period could theoretically apply to an appeal filed in federal court, it could only do so where the state law expressly contemplates appeals to a federal forum. In other words, plaintiffs contend that a state time limitation cannot be 'explicit' for purposes of the IDEA unless it specifically contemplates the possibility of an appeal to a federal court. We reject this interpretation because it is up to Congress and the federal courts – not state legislatures – to determine whether a limitations period will apply to a federal cause of action." *Id.* at 476-77. The

---

[1] Of the thirteen (13) IDEA appeals identified by undersigned counsel that have been filed in Tennessee since the 2004 amendments, the instant case is the only one in which a party filed outside the 60-day period established by TENN. CODE ANN. § 4-5-322. *See* docket numbers in the WDTN: 2:25cv2406 (the instant case), 2:25cv2265, 2:22cv2464; in the MDTN: 3:25cv610, 3:25cv497, 3:24cv601, 3:20cv741, 3:13cv1410; in the EDTN: 3:21cv57, 3:20cv173, 3:20cv125, 3:15cv558, 2:06cv234.

Second Circuit went on to explain that its holding supports the broader purpose of the IDEA:

> We decline to construe that clear directive as implicitly imposing an additional requirement on the state to concur in that determination before a federal court can construe that state limitation as applicable. Moreover, our conclusion is consistent with the underlying purposes of the IDEA. As we observed in *Adler v. Education Dep't of New York*, 760 F.2d 454, 459 (2d Cir. 1985), the public has a strong interest in expedient resolution of these claims. The longer these proceedings are permitted to drag on, the longer we risk keeping a child in an educational program that is ultimately found to be inadequate. *Id.* And this need for efficiency outweighs any disadvantage an aggrieved parent may face from a shorter limitations period.

*Id.* at 477.

None of the cases cited by the District support its claim that the 60-day limitations period does not apply here. First, all of the cases pre-date the 2004 amendments to the IDEA. Prior to 2004, the IDEA contained neither a statute of limitations for initially raising claims nor a defined period in which to challenge due process hearing decisions: "Prior to the July 1, 2005 effective date of the IDEA 2004 amendments, the IDEA did not limit the time period in which a parent could request a due process hearing, and a court applies the statute of limitations of the state in which the court sits." *P.L. v. Charlotte-Mecklemburg Bd. of Educ.,* No. 3:07-CV-170-GCM, 2010 U.S. Dist. LEXIS 85681, at *9 (W.D.N.C. July 23, 2010); and "Congress amended the IDEA to provide that a party aggrieved by the findings and decision made in a due process hearing under the IDEA 'shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the statute has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.' 20 U.S.C. § 1415(i)(2)." *Brittany O. v. Bentonville Sch. Dist.,* No. 4:14CV00135 JLH, 2015 U.S. Dist. LEXIS 7220, at *11 (E.D. Ark. Jan. 22, 2015) (*rev'd on other grounds*). For example, in *Janzen v. Knox Cnty. Bd. of Edu.*, 790 F.2d 484 (6th Cir. 1986) – one of the cases cited by the District – the Sixth Circuit addressed the proper pre-amendment statute of limitations period for bringing an IDEA claim; it did not address

3

the appropriate pre-amendment limitations period for bringing an appeal to federal district court. The District's reliance on these pre-amendment cases is misplaced.

Furthermore, the holdings in the cases cited by the District support the Bardwells' position. In *Cleveland-Heights University Heights City School District v. Boss by ex rel. Boss*, the Sixth Circuit upheld Ohio's 45-day time limit for appealing special education cases to federal district court even in the absence of such a limit in the IDEA itself at the time. 144 F.3d 391, 397 (6th Cir. 1998). The Sixth Circuit affirmed this holding two years later in *King v. Floyd Cty. Bd. of Educ.*, upholding the dismissal of plaintiffs' complaint after finding that Kentucky's 30-day limitations period applied to the filing of a federal action challenging a special education due process hearing decision. 228 F.3d 622, 627 (6th Cir. 2000) ("It remains to be considered whether adoption of a 30-day limitations period for the matter before us would be 'inconsistent with federal law or policy . . . .' *See Wilson v. Garcia*, 471 U.S. 261, 266-67, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985). We see no inconsistency."). *King* also supports the Bardwells' position because the Kentucky statute at issue is very similar to Tennessee's statute in that it sets the limitation period for all administrative cases in Kentucky, including special education/IDEA cases. *See* Ky. Rev. Stat. § 13B.140. Thus, the District's argument that TENN. CODE ANN. § 4-5-322 is not "explicit" or is "unclear" is not supported by law or by common sense.[2]

Finally, nothing could be clearer than the orders issued by the ALJ in this case. Each of those orders includes a page entitled "**NOTICE OF APPEAL PROCEDURES**" on which the

---

[2] Tennessee courts have long found that the Administrative Procedure Act ("APA") limitations period applies to appeals from IDEA due process hearings. *See, e.g., Metro. Gov't of Nashville v. Tenn. Dep't of Educ.*, 771 S.W.2d 427, 430 (Tenn. Ct. App. 1989) ("In *Ogden v. Kelley*, 594 S.W.2d 702 (Tenn. 1980), the Supreme Court of Tennessee held that a hearing officer appointed by the State Board of Education to conduct a due process hearing is an agency under the APA definition, Tenn. Code Ann. § 4-5-102(2), and that review of the hearing officer's decision is governed by the APA rules on contested cases.").

date to challenge the order is conveniently calculated. *See, e.g.*, ECF 13-2, PageID 130; ECF 13-4, PageID 143. The ALJ's January 6, 2025 order makes clear that, "You [i.e. either party] may file an appeal the decision in federal or state court within 60 days of the date of entry of the Final Order, which is no later than March 7, 2025." ECF 13-2, PageID 130. Similarly, the ALJ's February 10, 2025 order states: "You [i.e. either party] may file an appeal the decision in federal or state court within 60 days of the date of entry of the Final Order, which is no later than April 11, 2025." ECF 13-4, PageID 143.

### III. **Plaintiff MSCS knew that April 11, 2025 was its deadline to challenge the remanded due process hearing decisions and failed to meet that deadline.**

As the largest school district in Tennessee, the District is a sophisticated party with an in-house legal department staffed by multiple attorneys and paralegals. The exhibit to Plaintiff's Response (ECF 19-1) also clearly shows that it believed that April 11, 2025 was the deadline to file a complaint. Why else would the District's counsel write an email at 2:14 am on April 12, 2025 asking that the complaint be file-stamped the previous day? *See*, ECF 19-1, PageID 179. MSCS's exhibit also demonstrates that CMECF Help Desk did "not have any evidence of any technical issue with CMECF in the evening hours of April 11 or morning hours of April 12," and that MSCS only filed the complaint in this case at 1:51 pm on April 12, 2025 (almost fourteen hours after the deadline to file had passed). *Id*. at PageID 177.

This Court should dismiss with prejudice Plaintiff's complaint and claims in their entirety.

Respectfully submitted,

/s/ *Janet H. Goode*
Janet H. Goode, TN BPR #35872
917 S. Cooper Street
Memphis, Tennessee 38104
(901) 308-7511
janet@janetgoodelaw.com

5

/s/ *Michael F. Braun*
MICHAEL F. BRAUN (BPR 032669)
5016 Centennial Boulevard, Ste. 200
Nashville, TN 37209
(615) 378-8942
mfb@braun-law.com

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I certify that on July 16, 2025, I filed a copy of the foregoing by means of the Official Court Electronic Document Filing System (CM/ECF) for the Western District of Tennessee, which simultaneously sent a copy to counsel for the Defendant, Memphis-Shelby County Schools, Office of General Counsel, 160 Glenn Rodgers Sr. Street (Formerly Known as S. Hollywood St), Coe Building, Room 218, Memphis, TN 38117, Laura Bailey, Senior Associate Counsel, at baileyla@scsk12.org, and Christian West-Coleman at westcolemanc@scsk12.org.

Signed:   */s/Janet H. Goode*
Janet H. Goode