**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**MEMPHIS SHELBY COUNTY SCHOOLS,**

      Plaintiff.

v.                               No.:  2:25-cv-02406-TLP-atc

**K.B., by and through his Parent, K.B.,**

      Defendant.

---

**DEFENDANT'S ANSWER TO COMPLAINT FOR JUDICIAL REVIEW OF FINAL**
**ORDER RESULTING FROM REMAND TO ADMINISTRATIVE LAW**

---

Defendant K.B., by and through his parent, K.B. (K.B. and/or Defendant), by counsel, files this Answer to Plaintiff Memphis-Shelby County Schools' (Plaintiff and/or MSCS) Complaint for Judicial Review and states as follows. Unless expressly admitted, Defendant denies each and every allegation of the Complaint.

**GENERAL OBJECTION**

Defendant objects to the Complaint to the extent it seeks legal conclusions, argument, or any statement not properly pleaded as a factual allegation under Rules 8 and 10 of the Federal Rules of Civil Procedure. Defendant further objects to any characterization of the administrative record, prior orders, transcripts, or exhibits to the extent such characterization is incomplete, inaccurate, or misleading. Any allegation not expressly admitted is denied, and Defendant demands strict proof thereof.

**ADMISSIONS AND DENIALS**

Defendant responds to the numbered paragraphs of MSCS's Complaint as follows:

**INTRODUCTION (PARAGRAPHS 1-30)**

1.    Defendant denies the allegations in Paragraph 1, except that Defendant admits that this action arises from an IDEA due process complaint originally filed in or about October 1, 2021.

2.    Denied.

3.    Defendant denies the allegations in Paragraph 3, except that Defendant admits that multiple evidentiary hearings and proceedings have occurred in this matter. As the Sixth Circuit noted, "Contrary to MSCS's assertion, the insufficient record is an artifact of the ALJ's analysis, not evidence of Mr. K.B.'s failure to carry his burden." *K.B. v. Memphis Shelby Cty.*, No. 24-5345, 2024 U.S. App. LEXIS 21201 at *3 (6th Cir. Aug. 21, 2024). Later in the opinion, the Sixth Circuit stated, "MSCS frames the district court's remand as a question of due process under the IDEA, wrongly entitling Plaintiffs to another opportunity to meet their burden of proof. This overstates the significance of the remand, which is based on the uncommon procedural posture and unique facts of this case. And, in any event, as noted above, the lack of an adequately developed record is not attributable to Plaintiffs, so the remand is a procedural efficiency, not an unjustified additional bite at the apple." *Id*. at 4.

4.    Defendant denies the allegations in Paragraph 4, except that Defendant admits that the ALJ issued an order dated February 10, 2025 and that the order speaks for itself. MSCS improperly filed a petition for reconsideration of the ALJ's January 6, 2025 order, despite the IDEA's clear directive that, "Any party aggrieved by the findings and decision [of the hearing officer], shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction

or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(1). Thus, Defendant disputes the ALJ's legal authority to enter the February 10, 2025 order and contends it is void.

5.      Defendant denies the allegations in Paragraph 5, except that Defendant admits that the February 10, 2025 order is void.

6.      Defendant denies the allegations in Paragraph 6, except that Defendant admits that the District Court should void the February 10, 2025 order and find that MSCS untimely filed the instant Complaint challenging the January 6, 2025 order because MSCS filed it 96 days after the ALJ issued the January 6, 2025 order. 20 U.S.C. § 1415(i)(2)(B).

7.      Denied.

8.      Defendant denies the allegations in Paragraph 8, except that Defendant admits that it was the testimony of Defendant's/Petitioners' experts – to whom MSCS did not substantively object[1] – that the failure to provide K.B. any special education whatsoever in the 2020-2021 school year disrupted his trajectory of progress and materially harmed his ability to make progress moving forward, i.e. the harm that MSCS caused is lifelong and permanent harm to K.B.

9.      Defendant denies the allegations in Paragraph 9; the ALJ's order speaks for itself.

10.     Defendant denies the allegations in Paragraph 10; the ALJ's order speaks for itself.

11.     Defendant denies the allegations in Paragraph 11; the ALJ's order speaks for itself.

---

[1] MSCS filed an objection to a supplement to Dr. Irby's expert opinion on the basis that K.B. inadvertently failed to attach Dr. Larsson's referenced opinion which was an expert opinion in a filed case in the Ninth Circuit. However, the ALJ denied that motion in a telephonic (untranscribed) conference because the referenced opinion had a PACER file stamping including the case number, ECF number, and PageID number that allowed Defendant access to it. Defendant's counsel admitted that she had access to PACER and could have retrieved the document. MSCS did not file any other objections to K.B.'s proposed experts prior to hearing. *See* APD TR 07.03-214603J Page 103-105.

3

12.     Defendant denies the allegations in Paragraph 12. The ALJ explicitly considered K.B.'s progress as measured by MSCS. *See* Jan. 6, 2025 ALJ Final Order at pp. 7-10. The ALJ's order speaks for itself.

13.     Denied. The ALJ explicitly considered K.B.'s progress since May 17, 2022. *See* Jan. 6, 2025 ALJ Final Order at pp. 7-10. The ALJ heard testimony from witnesses MSCS called including K.B.'s then-current teacher Rachel Waldron and Jennifer Wyatt who is a BCBA for MSCS. The ALJ's order speaks for itself.

14.     Denied. The ALJ's order speaks for itself.

15.     Defendant denies the allegations in Paragraph 15, except that Defendant admits that from March 2020 until sometime after the ALJ's May 17, 2022 order of the ALJ in the original due process complaint, MSCS failed to provide ABA to K.B. despite the fact that his IEP team agreed to do so during the 2021-2022 school year. The ALJ's order speaks for itself.

16.     Denied. The ALJ's order speaks for itself.

17.     Defendant denies the allegations in Paragraph 17, except that Defendant admits that it was the testimony of Dr. Irby and Mr. Ferris that "it is likely that no amount of ABA services will allow K.B. to be placed in the same position he would have been in had the services been provided." Jan. 6, 2025 ALJ Final Order at p. 20. The harm that MSCS caused is lifelong and permanent harm to K.B.

18.     Defendant denies the allegations in Paragraph 18, except that except that Defendant admits that Dr. Irby testified in the supplemental evidentiary hearing before this Court in December 2023 that a placement such as Madonna Learning Center would provide an opportunity to attempt to catch up as much as possible in a setting with a lower teacher:student ratio and individualized instruction than MSCS is able to provide. Furthermore, the ALJ

specifically found that: "Given MSCS's lack of resources, it is questionable whether they can provide compensatory ABA therapy services. MSCS has a student population of between 100,000 to 110,000 students. When this tribunal originally ordered ABA therapy services in May of 2022, MSCS only employed one BCBA and no RBTs. It was not until October of 2022 that MSCS hired a licensed RBT and began implementing the services in accordance with this tribunal's order. MSCS still only has one BCBA, though they now have 3 RBTs. MSCS' own witnesses could not testify to how many MSCS students receive ABA therapy services. In conclusion, as in *Somberg* and due to MSCS' questionable capacity to provide compensatory ABA therapy services, a compensatory education fund paid for by MSCS is the most appropriate form of relief, allowing Petitioners to select from whom, how, and when compensatory ABA therapy services are provided." Jan. 6, 2025 ALJ Final Order at pp. 21-22.

19.    Denied. In fact, the ALJ awarded K.B. more hours of ABA than the floor suggested by Defendant in the post-hearing briefing. The ALJ's order and calculations speak for themselves.

20.    Defendant denies the allegations in Paragraph 20, except that Defendant admits that Jo Gilbert, the director of Madonna Learning Center which is a specialized school for children and adults with disabilities, testified at the remand hearing and that her testimony is part of the administrative record.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Defendant denies the allegations in Paragraph 24, except that Defendant admits that Dr. Irby testified that, "the trajectory of K.B.'s learning was lower than but similar to non-disabled

peers when he was receiving 37.5 hours per week of ABA therapy services" prior to moving into MSCS's district. Jan. 6, 2025 ALJ Final Order at p. 16. The ALJ's order speaks for itself.

25.    Denied.

26.    Defendant denies the allegations as written in Paragraph 24, except that Defendant admits that the ALJ's January 6, 2026 Final Order following the remand hearing found that: "VB-MAPP data was collected for K.B. in 2018 by the Innovations in Learning clinic in Indiana when he was six years old. At that time, he was functioning at an 18-22-month-old level—roughly four years behind his typical peers. (ECF PageID 4943)… Innovations in Learning tested K.B. over six-month cycles during which he received 37.5 hours of ABA therapy per week according to the treatment plan. After the first cycle, K.B.'s rate of improvement was 16 percent. After the second cycle, his rate of improvement was approximately 57 percent. (ECF PageID 4943-4944; 4970-4972)." Jan. 6, 2025 ALJ Final Order at p. 7. "Compared to his time receiving ABA therapy at Innovations in Learning (57% rate of improvement over the last testing period), K.B. was on a flatter, lesser trajectory toward progress with skill acquisition at MSCS through April of 2023 (30%). His rate of improvement was more on track with his typical peers when he was receiving ABA therapy services at Innovations in Learning. (Remand T.R. Vol. III, pp. 344-346; Remand T.R. Vol. I, pp. 82-83)." *Id*. at 10.

27.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

28.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

29.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

30.     Defendant denies the allegations in Paragraph 30, except that Defendant admits that the District Court should void the February 10, 2025 order and find that MSCS untimely filed the instant Complaint challenging the January 6, 2025 order because MSCS filed it 96 days after the ALJ issued the order. 20 U.S.C. § 1415(i)(2)(B).

**PARTIES AND JURISDICTION (PARAGRAPHS 31-40)**

31.     Admitted.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Defendant admits that the 2022 action was brought by Mr. K.B. individually and in a representative capacity on behalf of his minor child. Defendant admits that MSCS chose to file this Complaint against Mr. K.B. individually and on behalf of his minor child, K.B.

36.     Defendant admits that this Court generally has subject matter jurisdiction over timely civil actions brought under 20 U.S.C. § 1415(i)(2). Defendant denies the remaining allegations in Paragraph 36 and asserts that MSCS did not timely bring this Complaint.

37.     Defendant admits that in Case No. 2:22-cv-02464, the District Court entered an order remanding certain issues for further administrative proceedings. The referenced order speaks for itself. Defendant denies the remaining allegations in Paragraph 37.

38.     Admitted.

39.     Denied. MSCS's allegations regarding timeliness and retained jurisdiction are denied.

40.    Denied. MSCS's allegations regarding timeliness are denied. The IDEA contains clear directive that, "Any party aggrieved by the findings and decision [of the hearing officer], shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(1). Thus, Defendant disputes the ALJ's legal authority to enter the February 10, 2025 order and contends it is void. Defendant asserts that MSCS untimely filed the instant Complaint challenging the January 6, 2025 order because MSCS filed it 96 days after the ALJ issued the final order. 20 U.S.C. § 1415(i)(2)(B).

**BACKGROUND FACTS (PARAGRAPHS 41-60)**

41.    Admitted as true at the time of filing. K.B. is currently in the seventh grade.

42.    Defendant admits that K.B. was approximately 12 years, 5 months old at the time of filing. K.B. is currently 13 years old. Defendant denies any remaining allegations in Paragraph 42.

43.    Admitted.

44.    Admitted.

45.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations, but Defendant admits that Dr. Irby diagnosed K.B. with autism, intellectual disability, and attention-deficit/hyperactivity disorder (ADHD).

46.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 because the paragraph is vague and ambiguous; therefore Defendant

denies the allegations, but Defendant admits that K.B. currently receives special education and related services through MSCS.

47.    Defendant denies the allegations in Paragraph 47, except that Defendant admits that the ALJ's May 2022 administrative final order awarded compensatory education. Defendant challenged that award as insufficient through a complaint filed on July 18, 2022 in Case No. 2:22-cv-02464. The referenced order speaks for itself.

48.    Defendant denies the allegations in Paragraph 48, except that Defendant admits that K.B. has been consecutively enrolled in and attending an MSCS school since moving to Memphis prior to the start of the 2020-2021 school year.

49.    Defendant denies the allegations in Paragraph 49, but Defendant admits that K.B. relocated to the Memphis, Shelby County, Tennessee area in July 2020. Defendant denies any remaining allegations in Paragraph 49.

50.    Defendant denies the allegation regarding the K.B.'s age because it is inaccurately calculated and/or unclear as to the relevant date. To the extent a response is required, Defendant admits only that the K.B. is a minor and otherwise denies the allegations in Paragraph 50.

51.    Defendant denies the allegations in Paragraph 51, except that Defendant admits K.B. relocated to live with his father. Defendant denies the remaining allegations in Paragraph 51.

52.    Defendant denies the allegations in Paragraph 52 and asserts that MSCS's allegations are not reflected by the record. Defendant asserts that K.B. had been enrolled in at least two different public school prior to relocating to Memphis, Tennessee. *See, e.g*., Case No. 2:22-cv-02464, ECF 14-8, PageID 2436 (Mary M. Bethune Early Child Development Center, part of the Gary Community School Corporation, a public school district in Gary, Indiana); ECF 14-15, PageID (Miller Elementary School in Indiana). Defendant asserts that failing to seek and obtain K.B.'s

prior school records is yet another of MSCS's failures and violations of federal law as to K.B.

*See* 20 USCS § 1414. d)(2)(C)(ii).

53.    Defendant denies the allegations in Paragraph 53, except that Defendant admits that K.B.

attended Innovations in learning from approximately August 2018-March 2020, during which

time he received approximately 37.5 hours per week of Applied Behavior Analysis (ABA)

services from Board Certified Behavior Analysts (BCBAs) and Registered Behavior Technicians

(RBTs). *See, e.g.*, Case No. 2:22-cv-02464, ECF 14-15, PageID 3090-3156.

54.    The referenced record speaks for itself.

55.    The referenced record speaks for itself.

56.    Defendant denies the allegations as characterized in Paragraph 56, except that Defendant

admits that the Innovations in Learning records contain the following statement: "Target date for

transition to a less restrictive environment is August 2020. **In order for Kevin to make a**

**successful transition from intensive ABA services, it is recommended that services continue**

**at the current rate until a full transition is deemed appropriate**." (emphasis added) *See*, Case

No. 2:22-cv-02464, ECF 14-15, PageID 3153.

57.    Defendant is without sufficient information to admit or deny the allegations in Paragraph

56 and therefore denies them.

58.    Denied. Defendant disputes the date that K.B. enrolled in 2020 and asserts that Mr. K.B.

attempted to enroll K.B. before the start of the 2020-2021 school year. In that school year, K.B.

was **not** in middle school, but in the second grade at Lucie E. Campbell Elementary School, an

MSCS school for which Defendant is required to maintain accurate records.

59.    Defendant denies the allegations as characterized in Paragraph 59, except that Defendant

admits that MSCS failed to timely identify and provide K.B. with appropriate special education

and related services during the entirety of both the 2020-2021 and 2021-2022 school years, as found by the ALJ and District Court. K.B. did not receive special education services at any point during the 2020-2021 school year and continued without special education services when the 2021-2022 school year began. The ALJ's May 17, 2022 Final Order found that K.B.'s Individualized Education Program (IEP) dated August 23, 2021 did not provide him a free appropriate public education (FAPE) as required by the IDEA. Neither party appealed that finding in Case No. 2:22-cv-02464. This Court's March 12, 2024 order (ECF 104) in Case No. 2:22-cv-02464 found that the October 18, 2021 IEP similarly did not provide K.B. a FAPE. The ALJ's January 6, 2025 Final Order on remand found that the October 18, 2021 IEP governed until the end of the 2021-2022 school year.

60.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations, but Defendant admits that K.B.'s IEP team developed an IEP dated October 18, 2021, and that this Court's March 12, 2024 order (ECF 104) in Case No. 2:22-cv-02464 found that the October 18, 2021 IEP did not provide K.B. a FAPE.

**PROCEDURAL HISTORY (PARAGRAPHS 61-113)**

61.     Defendant denies the allegations as characterized in Paragraph 61, except that Defendant admits and K.B. filed an IDEA due process complaint with the Tennessee Department of Education, Special Education Division, on or about October 1, 2021.

62.     Admitted.

63.     Defendant admits that the due process hearing occurred on the dates referenced and that an administrative final order the ALJ issued on May 17, 2022. The referenced record speaks for itself.

64.    Defendant denies the allegations as characterized in Paragraph 64, except that Defendant admits that the ALJ's May 17, 2022 final order found that MSCS committed child find and FAPE violations for the 2020-2021 school year (from October 2020) and through October 18, 2021. The referenced record speaks for itself.

65.    Defendant denies the allegations in Paragraph 65, except that Defendant admits that the ALJ's May 17, 2022 final order found that the October 18, 2021 IEP provided a FAPE, a finding which this Court reversed in its March 12, 2024 order (ECF 104) in Case No. 2:22-cv-02464. The referenced record speaks for itself.

66.    Defendant denies the allegations in Paragraph 66, except that Defendant admits that the ALJ's May 2022 administrative final order included rulings favorable to MSCS on certain, discrete issues, but the subsequent federal court order reversed in part and remanded. Defendant is the prevailing party on all substantive issues in this case. The referenced orders speak for themselves.

67.    Defendant denies the allegations in Paragraph 67, except that Defendant admits that the ALJ used the wrong standard in deciding erroneously that Defendant had not met his burden. As the Sixth Circuit noted, "Contrary to MSCS's assertion, the insufficient record is an artifact of the ALJ's analysis, not evidence of Mr. K.B.'s failure to carry his burden." *K.B. v. Memphis Shelby Cty.*, No. 24-5345, 2024 U.S. App. LEXIS 21201 at *3 (6th Cir. Aug. 21, 2024). Later in the opinion, the Sixth Circuit stated, "MSCS frames the district court's remand as a question of due process under the IDEA, wrongly entitling Plaintiffs to another opportunity to meet their burden of proof. This overstates the significance of the remand, which is based on the uncommon procedural posture and unique facts of this case. And, in any event, as noted above,

the lack of an adequately developed record is not attributable to Plaintiffs, so the remand is a procedural efficiency, not an unjustified additional bite at the apple." *Id*. at 4.

68.    Denied.

69.    Defendant denies the allegations in Paragraph 69, except that Defendant admits the ALJ did not award compensatory education for special transportation services even though ALJ found that at the start of the 2021-2022 school year, MSCS placed K.B on the wrong bus home from school. Given that he was nonverbal at the time, K.B. was unable to give his name, address, or parent's phone number. *See,* Case No. 2:22-cv-02464, ECF 14-16, PageID 3515. The ALJ also found that in January 2022, K.B.'s bus (provided by MSCS) took him to the wrong elementary school in the morning. Again, given that he was nonverbal at the time, K.B. was unable to give his name, address, or parent's phone number. *See,* Case No. 2:22-cv-02464, ECF 14-16, PageID 3525. This was – and remains – a huge security issue.

70.    Defendant denies the allegations in Paragraph 70, except that Defendant admits that the referenced order speaks for itself.

71.    Defendant is without sufficient information to admit or deny the allegations in Paragraph 71 and therefore deny them.

72.    Defendant denies the allegations in Paragraph 72, except that Defendant admits that he filed a complaint to appeal portions of the ALJ's May 17, 2022 Final Order and that the case is docketed as Case No. 2:22-cv-02464. The referenced complaint speaks for itself.

73.    Admitted.

74.    Admitted.

75.    Admitted.

76.     Defendant denies the allegations in Paragraph 76, except that Defendant admits the Court's order granted K.B.'s motion for an evidentiary hearing but denied the request to supplement subject to the Court's conditions which K.B. met and, ultimately, did supplement the record. The referenced order speaks for itself.

77.     Admitted.

78.     Defendant denies the allegations in Paragraph 78, except that Defendant admits that the District Court issued an order on March 12, 2024. The order speaks for itself. The Court issued a Judgment on April 5, 2024 (ECF 106 in Case No. 2:22-cv-02464). The judgment speaks for itself.

79.     Defendant denies the allegations in Paragraph 79, except that Defendant admits that the District Court issued an order on March 12, 2024. The order speaks for itself. The Court issued a Judgment on April 5, 2024 (ECF 106 in Case No. 2:22-cv-02464). The judgment speaks for itself.

80.     Defendant denies the allegations in Paragraph 80, except that Defendant admits that the District Court issued an order on March 12, 2024. The order speaks for itself. The Court issued a Judgment on April 5, 2024 (ECF 106 in Case No. 2:22-cv-02464). The judgment speaks for itself. Defendant also admits that this Court's March 12, 2024 order remanded the case to the ALJ to consider both issues of fact and law.

81.     Defendant denies the allegations in Paragraph 81, except that Defendant admits that the District Court issued an order on March 12, 2024. The order speaks for itself.

82.     Defendant denies the allegations in Paragraph 82, except that Defendant admits that the District Court issued an order on March 12, 2024. The order speaks for itself.

83.    Admitted. The Court issued a Judgment on April 5, 2024 (ECF 106 in Case No. 2:22-cv-02464). The judgment speaks for itself.

84.    Defendant denies the allegations in Paragraph 84, except that Defendant admits that MSCS appealed the District Court's March 12, 2024 order to the Sixth Circuit.

85.    Defendant denies the allegations in Paragraph 85, except that Defendant admits that Defendant filed a motion to dismiss MSCS's Sixth Circuit appeal on grounds that the District Court's March 12, 2024 order was not a final, appealable order.

86.    Admitted.

87.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations. The Sixth Circuit order speaks for itself.

88.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations. The Sixth Circuit order speaks for itself.

89.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations. The Sixth Circuit order speaks for itself.

90.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations. The Sixth Circuit order speaks for itself.

91.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

92.     Defendant denies the allegations in Paragraph 92 as written, except that Defendant admits

the March 14, 2022 IEP was a draft. However, the parties stipulated before the ALJ's remand

hearing in December 2024 that the October 18, 2021 IEP was the operative IEP for the 2022-

2022 school year. Defendant denies and disputes MSCS's argument that MSCS was prevented

from implementing the March 14, 2022 IEP by K.B.'s counsel. However, that disagreement has

no actual impact or legal significance. Even if MSCS had implemented the March 14, 2022 IEP,

the March 14, 2022 IEP did not reflect or provide either the agreement of the IEP team from the

February 28, 2022 IEP meeting and did not provide a FAPE to K.B. Furthermore, the ALJ's

January 6, 2025 Final Order on remand also found that MSCS lacked the resources to provide

ABA to K.B. even when it offered to do so in the spring of 2022.

93.     No response is necessary as the allegations constitute legal conclusions. Nonetheless,

Defendant denies that the assertions accurately and/or completely reflect the law and denies the

remaining allegations. The Court's order speaks for itself.

94.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the

allegations in Paragraph 94 because the paragraph is vague and ambiguous; therefore Defendant

denies the allegations, except that Defendant admits that K.B. has never enrolled at Madonna

Learning Academy because his father cannot afford to send him to private school.

95.     No response is necessary as the allegations constitute legal conclusions. Nonetheless,

Defendant denies that the assertions accurately and/or completely reflect the law and denies the

remaining allegations. The Court's order speaks for itself.

96.     Denied as stated. The record speaks for itself.

97.     The referenced administrative order speaks for itself. Defendant denies any

characterization inconsistent with the order and deny the remaining allegations in Paragraph 97.

Both the District Court and the Sixth Circuit affirmed that the ALJ used the wrong standard in deciding erroneously that Defendant had not met his burden. As the Sixth Circuit noted, "Contrary to MSCS's assertion, the insufficient record is an artifact of the ALJ's analysis, not evidence of Mr. K.B.'s failure to carry his burden." *K.B. v. Memphis Shelby Cty.*, No. 24-5345, 2024 U.S. App. LEXIS 21201 at *3 (6th Cir. Aug. 21, 2024). Later in the opinion, the Sixth Circuit stated, "MSCS frames the district court's remand as a question of due process under the IDEA, wrongly entitling Plaintiffs to another opportunity to meet their burden of proof. This overstates the significance of the remand, which is based on the uncommon procedural posture and unique facts of this case. And, in any event, as noted above, the lack of an adequately developed record is not attributable to Plaintiffs, so the remand is a procedural efficiency, not an unjustified additional bite at the apple." *Id*. at 4.

98.    Defendant admits that, following the Sixth Circuit's dismissal order, the ALJ proceeded with the remand consistent with the District Court's directive. The record speaks for itself. Defendant denies the remaining allegations in Paragraph 98.

99.    Admitted.

100.    Admitted.

101.    Defendant admits that the ALJ's January 6, 2025 order contains findings related to the issues stated in Paragraph 101. The order speaks for itself. Defendant denies the remaining allegations in Paragraph 101.

102.    Defendant admits that Defendant/Petitioners raised arguments in post-hearing briefing concerning the March 14, 2022 through May 17, 2022 period. Defendant denies the remaining allegations in Paragraph 102.

103.    Defendant admits that, on remand, Defendant/Petitioners sought compensatory education in the form of ABA services rather than prospective private placement. Defendant denies the remaining allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104, except that Defendant admits that he sought a number of services that MSCS denied K.B. during the relevant time period and that Defendant made arguments about how the ALJ might award those missed services. The record speaks for itself.

105.    Defendant denies the allegations in Paragraph 105 as they inaccurately describe the ALJ's January 6, 2025 Final Order. In that order, the ALJ awarded K.B. 3,105 hours of ABA services and 18 hours of speech language services as compensatory education. The ALJ ordered that the ABA services be monetized in a fund provided by MSCS. The order speaks for itself.

106.    Denied.

107.    Denied.

108.    Admitted.

109.    Admitted.

110.    Admitted.

111.    Defendant denies the allegations in Paragraph 111, except that Defendant admits that MSCS did file a Motion to Stay on January 13, 2025 and a Petition for Reconsideration on January 21, 2025. However, the IDEA neither contemplates nor allows these collateral motions following a hearing officer's final decision. *See*, 20 U.S.C. § 1415(i)(1) ("A decision made in a hearing… shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) and paragraph (2)."), and paragraph (2) to which that refers, 20 U.S.C. § 1415(i)(2) ("Any party aggrieved by the findings and decision [of the hearing

officer], shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy."). As a result, the ALJ lacked authority to grant (in part) MSCS's Petition for Reconsideration and to issue the February 10, 2025 order.

112.    Defendant admits that the ALJ issued an order dated February 10, 2025. The order speaks for itself. Defendant denies any remaining allegations in Paragraph 112 and disputes the ALJ's authority to enter the February 10, 2025 order.

113.    Defendant admits that the ALJ's February 10, 2025 order contains language regarding invoicing/payment. The order speaks for itself. Defendant denies the remaining allegations in Paragraph 113 and dispute the ALJ's authority to enter the February 10, 2025 order.

**CAUSE OF ACTION AND ALLEGATIONS (PARAGRAPHS 114-193)**

114.    Defendant admits that MSCS purports to bring this civil action pursuant to 20 U.S.C. § 1415(i)(2)(A). Defendant denies that MSCS has met the requirement of 20 U.S.C. § 1415(i)(2)(A), and Defendant denies that MSCS is entitled to any relief.

115.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

116.    Defendant denies that the action is timely or that MSCS is entitled to any relief. Defendant admits that the March 12, 2024 order of this Court was a non-appealable, non-final order.

117.    Denied.

118.    Denied. Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations. The IDEA neither contemplates nor allows collateral motions following a hearing officer's final decision. *See*, 20 U.S.C. § 1415(i)(1) ("A decision made in a hearing… shall be final, except that any party involved in such hearing may appeal such decision under the provisions of subsection (g) and paragraph (2)."), and paragraph (2) to which that refers, 20 U.S.C. § 1415(i)(2) ("Any party aggrieved by the findings and decision [of the hearing officer], shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy."). As a result, the ALJ lacked authority to grant (in part) MSCS's Petition for Reconsideration and to issue the February 10, 2025 order.

119.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

120.    Denied.

121.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

122.    Defendant denies the allegations in Paragraph 122, except that Defendant admits that MSCS violated K.B.'s IDEA rights, denied him a FAPE, and caused permanent, lifelong harm.

123.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

124.    Defendant denies the allegations in Paragraph 124 as written, except that Defendant admits that the ALJ found that, "Testing for the VB-Mapp is normally done every six months, but longer periods between testing could also be justifiable. Innovations in Learning tested K.B. over six-month cycles during which he received 37.5 hours of ABA therapy per week according to the treatment plan. After the first cycle, K.B.'s rate of improvement was 16 percent. After the second cycle, his rate of improvement was approximately 57 percent. (ECF PageID 4943-4944; 4970-4972)." Jan. 6, 2025 ALJ Final Order at p. 7.

125.    Defendant denies the allegations in Paragraph 125, except that Defendant admits that Dr. Irby testified that K.B. made more progress while at Innovations in Learning where he received 37.5 hours per week of ABA services than after MSCS denied him any special education services for a year and inadequate services for a second year. Dr. Irby's testimony in the hearing transcript and her expert report (Ex. 1 to the Remand Hearing) speak for themselves.

126.    Defendant denies the allegations in Paragraph 126, except that Defendant admits that Dr. Irby testified that K.B. made more progress while at Innovations in Learning where he received 37.5 hours per week of ABA services than after MSCS denied him any special education services for a year and inadequate services for a second year. Dr. Irby's testimony in the hearing transcript and her expert report (Ex. 1 to the Remand Hearing) speak for themselves.

127.    Defendant denies the allegations in Paragraph 127, except that Defendant admits that the ALJ heard testimony from Dr. Irby, Mr. Ferris, Dr. Larsson, as well from witnesses that MSCS put on including K.B.'s then-current teacher Rachel Waldron, Jennifer Wyatt who is a BCBA for MSCS, Jo Gilbert who is the director at Madonna Learning Center. Defendant also put on MSCS's Executive Director for Exceptional Education. The ALJ's order speaks for itself.

128.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 128 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations, except that Defendant admits that K.B. did not have the same trajectory of progress in skill acquisition after MSCS denied him any special education services for a year and inadequate services for a second year, i.e. MSCS's denial of FAPE materially harmed him with lifelong consequences. The ALJ's order speaks for itself.

129.    Denied.

130.    Denied.

131.    Defendant denies the allegations in Paragraph 131, except that Defendant admits that Dr. Irby testified that various factors impact a student's rate of improvement which may be variable, and that Dr. Irby also testified that, "So like all of that time lost no matter how much ABA we give you if you've lost two years of essential access to ABA no matter how much ABA I give you I can't make up for the time lost.  So I might be able to improve your skills or I might be able to decrease problem behaviors and things like that, but I'm never going to be able to get you to the point that you would have been had you received services during those two years." Hr'g Tr. Dec. 3, 2024, Vol. I at p. 81.

132.    Denied.

133.    Denied.

134.    Defendant denies the allegations in Paragraph 134, except that Defendant admits that Dr. Irby testified that rates of progress can be variable.

135.    Denied.

136.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

137.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

138.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

139.    Denied.

140.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 140 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

141.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

142.    Defendant is without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

143.    Defendant is without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof.

144.    Defendant denies the allegations in Paragraph 144, except that Defendant admits that K.B. moved to Memphis, Tennessee in July 2020.

145.    Defendant is without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof, except that Defendant admits that the administrative record in this case contains documents showing that K.B. started receiving ABA services from Innovations in Learning in Indiana in August 2018.

146.    Defendant denies the allegations in Paragraph 146 as they do not accurately reflect the record in this case. Defendant admits that the Innovations in Learning records that MSCS improperly failed to disclose to K.B. pursuant to Tennessee law prior to the original due process hearing contains the following statement: "Target date for transition to less restrictive environment is August 2020. **In order for [K.B.] to make a successful transition from intensive ABA services, it is recommended that services continue at the current rate until a full transition is deemed appropriate**." (emphasis added). *See*, Case No. 2:22-cv-02464, ECF 14-15, PageID 3153.

147.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

148.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 148 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

149.    Defendant denies the allegations in Paragraph 149, except that Defendant admits that the ALJ did consider K.B.'s overall progress after May 17, 2022 and even permitted K.B.'s then-current sixth-grade teacher, Rachel Waldron, to testify as an expert over K.B.'s counsel's objection because MSCS had not disclosed any experts prior to hearing and because Ms. Waldron lacks the requisite qualifications to so testify.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 153 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations.

154.    Defendant is without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendant otherwise denies the allegations in Paragraph 154.

155.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations. To the extent that Paragraph 155 constitutes legal conclusions, no response is required. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

156.    No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and denies the remaining allegations.

157.    Denied.

158.    Defendant denies the allegation in Paragraph 158, except that Defendant admits that Dr. Irby's testified: (1) about K.B.'s assessment results, (2) that between October 2019 and May 2022, almost three years had passed, (3) that K.B. made "minimal progress" on his skill level over that time as measured by the various assessments, and (4) that, "he just kind of plateaued

there and any skills that he gained were likely just skills you gain because you've gotten a little bit older." Hr'g Tr. Dec. 3, 2024, Vol. I at p. 40.

159.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159 because the paragraph is vague and ambiguous; therefore Defendant denies the allegations, except that Defendant admits that Hr'g Ex. 4 (ALJ Remand Hearing) is a record of MSCS's ABLLS assessment results for K.B. The publisher of the ABLLS-R (Assessment of Basic Language and Learning Skills-Revised Skill Tracking System) states about the assessment that, "The language skills and other basic learner skills that are tracked by this tool are those that are acquired by most typically developing children by the time they reach four to five years of age." *See* https://partingtonbehavioranalysts.com/pages/ablls-r-afls-compatibility. In May 2022, when MSCS first collected ABLLS-R data, K.B. was nine (9) years old. The ABLLS-R assessment covers 25 areas, whereas Paragraph 159 only references three (3) of those areas. In other words, K.B. was significantly behind most typically developing children in his skill acquisition after MSCS's two-year denial of FAPE.

160.    Defendant denies the allegations in Paragraph 160, except that Defendant admits that Innovations in Learning used the VB-MAPP (Verbal Behavior Milestones Assessment and Placement Program) assessment to track K.B.'s progress. *See* https://avbpress.com. The VB-MAPP assessment "is a widely used language and social skills assessment program for children with autism or other intellectual disabilities." *Id*. The VB-MAPP is comprised of three main categories of assessment including the Milestones Skill Assessment, the Barriers Assessment, and the Transition Assessment. *See* https://avbpress.com/about/. "The Milestones Skills Assessment – Assesses 170 milestones balanced across 3 levels of typical development (0-18 months; 18-30 months; and 30-48 months). The milestones are quantifiable and measurable and

can be used to document baseline and skill acquisition." *Id*. According to the Innovations in Learning records, K.B. had mastered the highest level (of the 3 levels) in category entitled "Group" on the Master Scoring Form for the Milestones Assessment, and he had also mastered the highest level in four other areas as scored on the Transition Scoring Form. Dr. Irby wrote in her expert opinion that was admitted at the Remand Hearing as Hr'g Ex. 1, "Furthermore, while receiving appropriate interventions in Indiana, [K.B.'s] verbal skills increased from 54.5 overall points on the VB-MAPP to 85.5 points within 12 months. This was an increase of about 56.9%, suggesting that if he had continued to make similar progress across subsequent years, we would have met all of the VB-MAPP skill areas in about 18 more months. However, two years later, he demonstrated some skill loss and some stagnant skills."

161.    Defendant denies the allegations in Paragraph 161, except that Defendant admits that the category entitled "Play" on the Master Scoring Form for the Milestones Assessment of the VB-MAPP was the second highest scored area as recorded on the Innovations in Learning records.

162.    Denied. According to the VB-MAPP assessment data collected by Innovations in Learning, K.B. had mastered "Retention of New Skills," "General Self-Help," "Toileting Skills," and "Eating Skills."

163.    Denied.

164.    Denied.

165.    Defendant is without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendant otherwise denies the allegations in Paragraph 165.

166.    Defendant is without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendant otherwise denies the allegations in Paragraph 166.

167.    Defendant is without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendant otherwise denies the allegations in Paragraph 167.

168.    Defendant is without sufficient information to admit or deny the allegations in this paragraph and demand strict proof thereof. Defendant otherwise denies the allegations in Paragraph 168.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Denied.

175.    Denied.

176.    Denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Defendant denies the allegations in Paragraph 180, except that Defendant admits that he did include a request for private placement at public expense over the course of the litigation. By the time the ALJ heard the remand hearing in December 2024 – more than three years after the

initial filing of the due process complaint, no appropriate private placement in the Memphis-Shelby County area existed.

181. Denied.

182. Defendant denies the allegations in Paragraph 182, except that Defendant admits that Dr. Irby testified in the supplemental evidentiary hearing before this Court in December 2023 that a placement such as Madonna Learning Center would provide an opportunity to attempt to catch up as much as possible in a setting with a lower teacher:student ratio and individualized instruction than MSCS is able to provide. Furthermore, the ALJ specifically found that: "Given MSCS's lack of resources, it is questionable whether they can provide compensatory ABA therapy services. MSCS has a student population of between 100,000 to 110,000 students. When this tribunal originally ordered ABA therapy services in May of 2022, MSCS only employed one BCBA and no RBTs. It was not until October of 2022 that MSCS hired a licensed RBT and began implementing the services in accordance with this tribunal's order. MSCS still only has one BCBA, though they now have 3 RBTs. MSCS' own witnesses could not testify to how many MSCS students receive ABA therapy services. In conclusion, as in *Somberg* and due to MSCS' questionable capacity to provide compensatory ABA therapy services, a compensatory education fund paid for by MSCS is the most appropriate form of relief, allowing Petitioners to select from whom, how, and when compensatory ABA therapy services are provided." Jan. 6, 2025 ALJ Final Order at pp. 21-22.

183. No response is necessary as the allegations constitute legal conclusions. Nonetheless, Defendant denies that the assertions accurately and/or completely reflect the law and the Court's order and denies the remaining allegations. The order speaks for itself.

184. Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Admitted.

189.    Denied.

190.    Denied.

191.    Denied.

192.    Defendant denies the allegations in Paragraph 192, except that Defendant admits that the ALJ directed both Defendant and MSCS to provide information about the cost of ABA services in the Memphis-Shelby County area. Both parties submitted very similar numbers. In his January 27, 2025 order, the ALJ stated that, "For rates, the Petitioners' supporting affidavits assert average costs of $87.50 and $125, respectively; the Respondent's supporting affidavits assert average costs of $80 and $117.50. The differences in these numbers are relatively negligible. The most equitable conclusion is to use the mid-point for these averages—$83.75 and $121.25, respectively." Jan. 27, 2025 ALJ Order at p. 2.

193.    Denied.

**AFFIRMATIVE DEFENSES**

Without assuming any burden not otherwise imposed by law, Defendant asserts the following affirmative defenses:

1.    Statute of limitations: MSCS's claims are barred, in whole or in part, by the applicable limitations period(s), including any limitations period governing civil actions under 20 U.S.C. § 1415(i)(2) and Tennessee law.

2. Failure to state a claim: The Complaint fails to state a claim upon which relief can be granted.

3. Void or ultra vires order: To the extent MSCS's claims depend on, or seek relief based upon, the February 10, 2025 administrative order, Defendant contends that order was entered without legal authority and is void.

4. Res judicata (Claim Preclusion): MSCS's claims are barred, in whole or in part, by the doctrine of res judicata (claim preclusion) to the extent the Complaint seeks to relitigate claims and/or issues that were previously litigated in Case No. 2:22-cv-02464.

5. Waiver and forfeiture: MSCS has waived and/or forfeited one or more arguments by failing to timely raise them in the administrative proceedings and/or the prior federal action.

6. Due weight to administrative findings: To the extent MSCS seeks to reweigh evidence or substitute its judgment for that of the ALJ on matters committed to educational expertise, MSCS is not entitled to relief under the governing standard of review.

7. Equitable defenses: MSCS's claims and requested relief are barred, in whole or in part, by equitable doctrines, including laches, estoppel, and unclean hands, to the extent applicable.

8. Reservation: Defendant reserves the right to assert additional defenses as they become known through discovery and further proceedings.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court: (a) dismiss MSCS's Complaint with prejudice; (b) deny the relief requested by MSCS; (c) award Defendant his

attorneys' fees and costs; and (d) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Janet H. Goode*
Janet H. Goode, TN BPR #35872
917 S. Cooper Street
Memphis, Tennessee 38104
(901) 308-7511
janet@janetgoodelaw.com

and

/s/ *Michael F. Braun*
MICHAEL F. BRAUN (BPR 032669)
5016 Centennial Boulevard, Ste. 200
Nashville, TN 37209
(615) 378-8942
mfb@braun-law.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I certify that on March 5, 2026, I filed a copy of the foregoing by means of the Official Court Electronic Document Filing System (CM/ECF) for the Western District of Tennessee, which simultaneously sent a copy to all counsel of record including counsel for the MSCS, Memphis-Shelby County Schools, Office of General Counsel, 160 Glenn Rodgers Sr. Street (Formerly Known as S. Hollywood St), Coe Building, Room 218, Memphis, TN 38117, Laura Bailey, Senior Associate Counsel, at baileyla@scsk12.org, and Christian West-Coleman at westcolemanc@scsk12.org.

Signed:       */s/Janet H. Goode*_____
                      Janet H. Goode