IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**MEMPHIS SHELBY COUNTY SCHOOLS,**

    Plaintiff.

v.                                                                                                   No.: 2:25-cv-02406-TLP-atc

**K.B., by and through his Parent, K.B.,**

    Defendant.

---

**DEFENDANT'S MOTION TO DISMISS ON THE PLEADINGS PURSUANT
TO FED. R. CIV. P. 12(c) AND, IN THE ALTERNATIVE,
MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

---

K.B., by and through his parent, (collectively, K.B. and/or Defendant) respectfully submits this Motion to Dismiss on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) and, in the Alternative, Motion for Judgment on the Administrative Record. This motion addresses Memphis-Shelby County Schools' (MSCS) challenge to the Administrative Law Judge's (ALJ) Final Order on Remand issued on January 6, 2025, which awarded K.B. compensatory education consisting of 3,105 hours of Applied Behavior Analysis (ABA) services and 18 hours of speech-language pathology services.

This case presents two critical issues. First, MSCS's complaint is jurisdictionally defective because it was filed on April 12, 2025, which is ninety-five (95)[1] days after the ALJ's January 6, 2025 Final Order on Remand. That exceeds the ninety-day deadline established by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq*., (IDEA). 20 U.S.C. § 1415(i)(2)(B). In

---

[1] The 90th day was Sunday, April 6, 2025. While April 12 is 96 days after January 6, the deadline to file was Monday, April 7, 2025.

1

light of this Court's February 23, 2026 Order (ECF 33) which held that the IDEA, and not Tennessee law[2] governs makes more clear that the clock started on January 6 and not February 10 as will be discussed below. This jurisdictional deadline is not subject to waiver, equitable tolling, or extension through unauthorized state administrative procedures. MSCS's strategic decision to pursue a reconsideration motion rather than file a timely federal complaint cannot cure this jurisdictional defect. The Court lacks subject-matter jurisdiction over MSCS's untimely complaint and must dismiss the action.

Second, should the Court decline to dismiss on jurisdictional grounds, the comprehensive administrative record overwhelmingly supports the ALJ's compensatory education award. Most of the facts were undisputed in K.B.'s original federal civil action, Case No. 2:22-cv-02464 (K.B.I). The ALJ's January 6, 2025 compensatory award is supported by substantial evidence, including convergent expert testimony from three highly qualified professionals, objective comparative progress data demonstrating quantifiable educational loss, comprehensive assessment data documenting persistent educational gaps, and evidence of MSCS's capacity constraints. The award fully comports with Sixth Circuit standards, employing a flexible, qualitative approach tailored to K.B.'s individual needs, remedial rather than punitive in nature, and reflecting sound educational judgment through its carefully structured tapering schedule.

K.B. suffered a substantial denial of a free appropriate public education (FAPE) as required by the IDEA during the 2020-2021 school year when MSCS failed to provide any special education or related services whatsoever, and in the 2021-2022 school year when MSCS failed to provide adequate services. Prior to enrolling in MSCS and while living in Indiana, K.B. received 37.5 hours per week of intensive ABA services because of the severity of his disabilities and needs, and

---

[2] Tennessee Code Annotated section 4-5-322.

he made substantial progress. After MSCS denied K.B. a FAPE during a critical developmental window, K.B.'s rate of improvement significantly declined. This quantifiable decline in progress, combined with persistent educational gaps showed K.B. reading at approximately kindergarten level when in the sixth grade and demonstrates the magnitude of educational harm K.B. has suffered. K.B. will never fully recoup the losses he suffered as a result of MSCS's failure to provide him with a FAPE.

The ALJ's compensatory education award is carefully calibrated to remedy this harm. The award of 3,105 hours of ABA therapy services is supported by expert testimony from Dr. Sarah Irby, Ph.D., BCBA; Geoffrey Ferris, BCBA; and Dr. Eric V. Larsson, PhD, LP, BCBA-D. The compensatory education fund mechanism is appropriate given MSCS's severe staffing constraints, the lengthy and contentious nature of this litigation, and ensures K.B. will receive quality services from qualified providers.

For these reasons, K.B. respectfully requests that this Court (1) dismiss MSCS's complaint pursuant to Fed. R. Civ. P. 12(c) for lack of subject-matter jurisdiction due to untimely filing, or (2) in the alternative, enter judgment on the administrative record affirming the ALJ's January 6, 2025 Final Order on Remand as supported by substantial evidence and consistent with Sixth Circuit standards for compensatory education remedies under IDEA.

Respectfully submitted,

/s/ *Janet H. Goode*
Janet H. Goode, TN BPR #35872
917 S. Cooper Street
Memphis, Tennessee 38104
(901) 308-7511
janet@janetgoodelaw.com

and

3

/s/ *Michael F. Braun*
MICHAEL F. BRAUN (BPR 032669)
5016 Centennial Boulevard, Ste. 200
Nashville, TN 37209
(615) 378-8942
mfb@braun-law.com

**Attorneys for Defendant**

# CERTIFICATE OF SERVICE

I certify that on March 5, 2026, I filed a copy of the foregoing by means of the Official Court Electronic Document Filing System (CM/ECF) for the Western District of Tennessee, which simultaneously sent a copy to all counsel of record including counsel for the MSCS, Memphis-Shelby County Schools, Office of General Counsel, 160 Glenn Rodgers Sr. Street (Formerly Known as S. Hollywood St), Coe Building, Room 218, Memphis, TN 38117, Laura Bailey, Senior Associate Counsel, at baileyla@scsk12.org, and Christian West-Coleman at westcolemanc@scsk12.org.

Signed:   */s/Janet H. Goode*
          Janet H. Goode

4