# Exhibit C
## *Letter to Matthew Weiner*, 57 IDELR 79 (OSEP 2010)

https://sites.ed.gov/idea/files/idea/policy/speced/guid/idea/letters/2010-4/weiner102810dph4q2010.pdf
(visited Mar. 5, 2026)



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF SPECIAL EDUCATION AND REHABILITATIVE SERVICES

OCT 28 2010

Mr. Matthew Scott Weiner
Michael J. Eig and Associates, P.C.
Attorneys at Law
Suite 760
5454 Wisconsin Avenue
Chevy Chase, Maryland 20805-6938

Dear Mr. Weiner:

This letter responds to your February 26, 2010 correspondence to Ms. Lisa Pagano, the State Contact in the Office of Special Education Programs (OSEP) for the District of Columbia, concerning motions for reconsideration. In that letter you ask whether a hearing officer has the authority to consider a motion for reconsideration of a due process hearing decision. We apologize for the delay in responding to your letter.

In a February 6, 2009 letter, OSEP informed the District of Columbia (D.C.) Office of the State Superintendent of Education (OSSE) that several sections of its Special Education Student Hearing Office Due Process Hearing Standard Operating Procedures (SOPs), including section 1005 that allows parties to file a motion for reconsideration after a final due process hearing decision is issued, were inconsistent with the Individuals with Disabilities Education Act (IDEA). In a May 15, 2009 letter, OSSE described the actions it was taking to address OSEP's concerns, including revising its SOPs to be consistent with the IDEA, and asked for further time to review OSEP's request that the section on motions for reconsideration be eliminated. Pending this review, OSSE instructed all hearing officers to deny such motions. As you note, OSSE did not revise its SOPs while this issue has been under review. OSSE informed OSEP that, as required by the Consent Decree in the Blackman-Jones case, OSSE proposed deletion of section 1005 of the SOPs to plaintiffs' counsel, who objected to the deletion. OSSE provided to OSEP the plaintiffs' letter of objection and research memorandum that the plaintiffs contend supports the position that motions for reconsideration are permissible under the IDEA. Staff in various offices of the Department carefully reviewed the information provided by the plaintiffs' counsel, including the ruling in *Stanton v. District of Columbia*.

We have recently advised OSSE that it remains the position of the Department that section 1005 of the SOPs is inconsistent with the finality and timeline requirements in the IDEA, the Part B regulations at 34 CFR Part 300, and our comments noted below in the Analysis of Comments and Changes section of the March 12, 1999 Part B regulations. D.C. has a one tier due process system; a party does not have the right to appeal to the State educational agency (SEA). The regulations at 34 CFR §300.515(a) require that a final decision in a due process hearing must be reached and mailed to the parties not later than 45 days after the expiration of the 30-day resolution period under 34 CFR §300.510(b), or the adjusted time periods described in 34 CFR §300.510(c). A hearing officer may grant specific extensions of time beyond the periods set out in 34 CFR §300.515(a) at the request of either party. See 34 CFR §300.515(c). Under section

400 MARYLAND AVE. S.W., WASHINGTON, DC 20202-2600
www.ed.gov

*The Department of Education's mission is to promote student achievement and preparation for global competitiveness by fostering educational excellence and ensuring equal access.*

Page 2 – Mr. Matthew Scott Weiner

615(i)(1)(A) of the IDEA and 34 CFR §300.514(a), a decision made in a due process hearing conducted by the SEA is final, except that any party may appeal the decision by bringing a civil action in any State court of competent jurisdiction or in a district court of the United States, under the provisions in section 615(i)(2)(A) of IDEA and 34 CFR §300.516.

In the Analysis of Comments and Changes section of the March 12, 1999 Part B regulations, in response to a comment on motions for reconsideration, the Department stated that "a reconsideration process may not delay or deny parents' right to a decision within the time periods specified for hearings and appeals." 64 Fed. Reg. 12614 (March 12, 1999). In the context of the Analysis of Comments and Changes on the 1999 regulations, appeals are referring to appeals to the SEA if the State establishes a two tier system. There were no changes in the IDEA Improvement Act of 2004 or its implementing regulations that would affect this interpretation.

Once a final decision has been issued, no motion for reconsideration is permissible. However, a State can allow motions for reconsideration prior to issuing the final decision, but the final decision must be issued within the 45-day timeline or a properly extended timeline. Therefore, consistent with the provisions noted above, we have advised D.C. that it must either revise the SOPs to eliminate the provision on motions for reconsideration or ensure that motions for reconsideration are filed and decided prior to issuance of the final decision and within the 45-day timeline or a properly extended timeline. Consistent with the information in this letter, OSEP intends to provide guidance advising all States that motions for reconsideration after the issuance of a final decision are not permissible.

Thank you for sharing your concerns regarding this issue. We hope that you find this information helpful.

Sincerely,

Melody Musgrove, Ed.D.
Director
Office of Special Education Programs